## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| M&T BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N16C-06-182 EMD |
| | ) | |
| JOSEPH E. CARBONELL, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING SUMMARY JUDGMENT
## AGAINST DEFENDANT JOSEPH E. CARBONELL, III

Upon consideration of Plaintiff's Renewed Motion for Summary Judgment (the "Motion") filed by Plaintiff M&T Bank ("M&T"); Plaintiff's Brief in Support of Renewed Motion for Summary Judgment (the "Brief") filed by M&T; the exhibits attached to the Brief including, but not limited to, the Affidavit of Cassie Olsen (the "Olsen Affidavit"); the Stipulated Briefing Schedule (the "Scheduling Order"); the failure of Defendant Joseph E. Carbonell, III, to respond to the Motion; the factual and legal arguments set out in the Brief; and the entire record of this civil action,

1.  M&T filed the Motion on or about August 18, 2017. Under the Scheduling Order, Mr. Carbonell had until September 29, 2017 to file a response, or "Opposition Brief, to the Motion. Mr. Carbonell did not file any response or opposition to the Motion.

2.  The Motion is supported by the Brief. The Brief sets out uncontested facts and the law applicable to this civil action. The Olsen Affidavit and the pleadings in this civil action provide support for the facts relied upon in the Brief.

3.  The Court has reviewed all exhibits attached to the Brief. Exhibit 1 is the Olsen Affidavit. Exhibits 2 through 8 are legal documents that apply to the commercial transaction

among Wilmington Trust Company and Moeckel Carbonell Associates, Inc. and Mr. Carbonell. Exhibit 9 is the Acquisition and Assumption Agreement Between Wilmington Trust Company and Manufacturers and Traders Trust Company (the "Assumption Agreement"). Manufacturers and Traders Trust Company is M&T. The Assumption Agreement provides M&T standing to enforce the obligations at issue in this civil action. The Olsen Affidavit provides a proper foundation for Exhibits 2 through 9.

4. The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[1] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[2] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[3]

5. The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[4] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[5]

---

[1] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[2] *Id.*
[3] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[5] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

6. The Court finds that M&T has met its initial burden of demonstrating that the undisputed facts and applicable law support its claims against Mr. Carbonell.  The Court notes that Mr. Carbonell has not filed any paper in opposition to the Motion.

7. After reviewing the record in a light most favorable to Mr. Carbonell, the Court finds and holds that no genuine issues of material fact exist and M&T is entitled to judgment as a matter of law on its claims against Mr. Carbonell.

8. Accordingly, the Court will **GRANT** the Motion.

9. The Court also enters **JUDGMENT** in favor of M&T and against Mr. Carbonell in the amount of $335,659.14, plus attorneys' fees and collection expenses of $13,021.10, interest at a per diem interest rate of $43.53222 per day from August 15, 2017 to January 19, 2018 plus post-judgment interest at the legal rate.

**IT IS SO ORDERED** this 19th day of January, 2018.


*/s/ Eric M. Davis*
Eric M. Davis, Judge


CC: Gregory Arbogast, Esq.
   William D. Sullivan, Esq.